# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

RICKY L. WILLIAMS,
        Plaintiff,

    v.                                    Case No. 10-C-0168

STEPHEN HOWARD,
LESLIE GOMBUS, and
SCOTT HOFTIEZER,
        Defendants

## DECISION AND ORDER

Pro se plaintiff Ricky L. Williams is a state prisoner currently incarcerated at the Green Bay Correctional Institution, but incarcerated at the Dodge Correctional Institution (DCI) at all relevant times. Defendants are doctors employed at DCI. Plaintiff alleges that defendants were deliberately indifferent to his serious medical needs and that they were negligent in handling his care. The matter comes before me on plaintiff's motion for leave to proceed in forma pauperis and for screening of plaintiff's complaint.[1]

I am required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). I must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). I am obliged to give plaintiff's pro se allegations, however inartfully pleaded, a liberal construction. Erickson v. Pardus, 551 U.S. 89, 94 (2007).

---

[1] Plaintiff submitted the full filing fee of $350.00 with his complaint. Accordingly, I will deny as moot the motion for leave to proceed in forma pauperis.

According to the complaint, when plaintiff went to the Friday noon medication handout, he discovered that his Alprazolam medication had run out. Plaintiff suffered serious physical and mental side effects, including not being able to sleep or eat. On Monday, plaintiff saw defendant psychiatrist Doctor Leslie Gombus who told him that there had been a mistake with his appointments that had caused his medications to abruptly stop. Dr. Gombus apologized to plaintiff for the mistake and prescribed a new medication to replace plaintiff's Alprazolam, which plaintiff began taking the following day. However, he was still unable to eat that morning, his face felt as if it was on fire, and he vomited a number of times overnight. On Thursday, plaintiff saw defendant psychiatrist Dr. Stephen Howard on an emergency basis. By that time, plaintiff could hardly speak or take a drink of water, and he was taken to his appointment in a wheelchair. Dr. Howard told plaintiff that, although he had intended to wean plaintiff off of Alprazolam, he had made an appointment scheduling error and, as a result, plaintiff's medications were abruptly stopped, which sent plaintiff into severe withdrawal. Dr. Howard restarted the Alprazolam immediately and gave plaintiff a dose while he was in the office. Dr. Howard noted that Dr. Gombus had "recognized the situation" during plaintiff's emergency appointment, but failed to restart the Alprazolam, which was the cause of plaintiff's withdrawal symptoms. Other than the dose he received in Dr. Howard's office, plaintiff did not receive his Alprazalom until Saturday.

Plaintiff avers that he has a number of ongoing physical symptoms as a result of the abrupt discontinuation of his Alprazalom and the withdrawal he suffered. He states that Dr. Howard referred plaintiff to defendant physician Dr. Scott Hoftiezer, who was rude and handled plaintiff roughly. He gave him a shot and sent him back. Plaintiff began

experiencing diarrhea daily. Plaintiff saw Dr. Hoftiezer for a follow-up appointment, and the doctor noted that plaintiff had an infection in his testicles.

Prison officials violate the Eighth Amendment's proscription against cruel and unusual punishment when they display deliberate indifference to serious medical needs of prisoners. Greeno v. Daley, 414 F.3d 645, 652 (7th Cir. 2005). Deliberate indifference to a medical need involves both an objective component (a sufficiently serious medical need) and a subjective component (a sufficiently culpable state of mind on the part of the defendants in denying medical care). Id. at 653. The defendants must know of plaintiff's serious medical need, but consciously disregard it so as to inflict cruel and unusual punishment. Johnson v. Doughty, 433 F.3d 1001, 1010 (7th Cir. 2006).

Based on the liberal construction of plaintiff's pro se allegations, I will allow the plaintiff to proceed on Eighth Amendment claims against defendants Hoftiezer, Howard and Gombus. Doctors Howard and Gombus were aware of possible Alprazolam dependency, yet abruptly cancelled his medication and failed to renew it for over nine days. Dr. Hoftiezer failed to provide treatment for his physical symptoms. Finally, I will exercise the court's supplemental jurisdiction and allow plaintiff to proceed on a state law medical malpractice claims against defendants.

## CONCLUSION

**IT IS THEREFORE ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket #2) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Attorney General and this court, copies of plaintiff's complaint and this order are being sent today to the Attorney General for service on the state defendants.

**IT IS ALSO ORDERED** that defendants shall file a responsive pleading to the complaint.

**IT IS ALSO ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined.

**IT IS FURTHER ORDERED** that plaintiff shall submit all correspondence and legal material to:

> Honorable Lynn Adelman
> % Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Plaintiff is hereby notified that he is required to send a copy of every paper or document filed with the court to the opposing parties or their attorney(s). Fed. R. Civ. P. 5(a). Plaintiff should also retain a personal copy of each document. If plaintiff does not have access to a photocopy machine, he may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to each defendant or to their attorney(s).

4

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 22 day of May, 2010.

/s_____
LYNN ADELMAN
District Judge