# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**RICKY L. WILLIAMS,**

       **Plaintiff,**

    **v.**                         **Case No. 10-C-168**

**STEPHEN HOWARD, LESLIE GOMBUS,
and SCOTT HOFTIEZER,**

       **Defendants**

---

## ORDER

Now before me are plaintiff's motion to substitute party, his motion for failure to make timely compliance with the court order, and his motion to appoint counsel.

On June 24, 2010, plaintiff filed a motion for substitution for Leslie Gombus. Despite Dr. Gombus' death, plaintiff wants to proceed against Dr. Gombus, as well as the other two defendants. He cites Federal Rule of Civil Procedure 25 and 28 U.S.C. § 2404. Rule 25 sets forth a procedure to follow for substituting a party who dies during the course of the proceedings. 28 U.S.C. § 2404, Death of defendant in damage action, provides:

> A civil action for damages commenced by or on behalf of the United States or in which it is interested shall not abate on the death of a defendant but shall survive and be enforceable against his estate as well as against surviving defendants.

However, this case was not commenced by or on behalf of the United States. Nor is there any evidence that the United States "is interested" in this case. Moreover, Dr. Gombus did not die while this case was pending, but well over a year before the plaintiff filed his complaint.

Leslie Gombus has not been served with plaintiff's complaint and, due to Dr. Gombus' death, plaintiff will not be able to serve Dr. Gombus with his complaint. Service of the summons and complaint (or waiver of service) is a prerequisite to the court's exercise of jurisdiction over a defendant. Omni Capital Intern. Ltd. v. Rudolph Wolff & Co., Ltd., 484 U.S. 97, 103 (1987). Accordingly, I cannot exercise jurisdiction over Dr. Gombus or his estate and plaintiff's motion will be denied.

Plaintiff contends that he named Dr. Gombus in a case in state court before his death. He submits that case is dormant because plaintiff cannot afford an expert witness to testify on his behalf. The case in state court is unrelated to this action. Additionally, there is no evidence that Dr. Gombus was served in that case.

Plaintiff also argues that he should be allowed to proceed on his claims against Dr. Gombus because Dr. Gombus was a state employee at the time of the alleged constitutional violation. Although the State of Wisconsin may indemnify state employees for damages arising out of actions taken during the course of their employment, plaintiff's § 1983 and medical malpractice claims are against Dr. Gombus in his individual capacity.

Defendants' response to plaintiff's motion was filed electronically on November 22, 2010. On November 26, 2010, the court received from plaintiff a Motion for Failure To Make A Timely Compliance With The Court Order For The Defendants To Respond To Plaintiff's Motion for Substitution of Dr. Gombus. Plaintiff's motion was dated November 23, 2010, but he did not take into account that defendants could mail their response to him on the due date and have it be timely. This motion will be denied.

Finally, plaintiff has filed another motion for appointment of counsel. Because he previously satisfied the threshold burden of showing a good faith attempt to obtain counsel,

I will consider whether, given the difficulty of the case, this plaintiff appears competent to try the case himself and, if not, whether the presence of counsel would likely make a difference in the outcome of the case.  <u>Pruitt v. Mote</u>, 503 F.3d 647, 654-55 (7th Cir. 2007) (citing <u>Farmer v. Haas</u>, 990 F.2d 319, 322 (7th Cir.1993)).  As I concluded in my Order dated October 21, 2010, "plaintiff's filings demonstrate that he is aware of the factual and legal issues in this case and suggest that he will be capable of gathering evidence and filing motions."  Since that time, plaintiff has filed his detailed discovery requests with the court, as well as two additional motions.  My conclusion has not changed, and I will deny plaintiff's motion for appointment of counsel.  I will continue to evaluate plaintiff's competency to litigate this case.

**IT IS THEREFORE ORDERED** that plaintiff's motion to substitute party (Docket #14) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for failure to make a timely compliance with the court order for the defendants to respond to plaintiff's motion for substitution of Dr. Gombus (Docket #31) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel (Docket #37) is **DENIED WITHOUT PREJUDICE**.

Dated at Milwaukee, Wisconsin, this 7th day of January, 2011.

/s _____
LYNN ADELMAN
District Judge