# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**RICKY L. WILLIAMS,**
          **Plaintiff,**

    **v.**                                 **Case No. 10-C-168**

**STEPHEN HOWARD,**
**LESLIE GOMBUS, and**
**SCOTT HOFTIEZER,**
          **Defendants**

---

## ORDER

Now before me are plaintiff's motion to compel and his motion to appoint counsel.

## I.  MOTION TO COMPEL

In his motion to compel, plaintiff seeks defendants' time cards from January 2007 and the complete conduct and history reports from Dodge Correctional Institution (DCI) for each defendant.  He argues that he needs the time cards to prove that defendants were working in the time period of plaintiff's complaint and the health service requests he sent to them.  Plaintiff also asserts that the conduct reports are necessary to show that defendants have previously been in trouble for not following the rules.  Defendants contend that neither category of documents is relevant or admissible.

Under Federal Rule of Civil Procedure 37, a party is permitted to file a motion to compel discovery where another party fails to respond to interrogatories or requests for production of documents.  See Fed. R. Civ. P. 37(a)(3)(B)(iii) and (iv).  "The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."  Fed. R. Civ. P. 37(a)(1).  Although plaintiff's certification is not in a

separate affidavit, his motion describes the correspondence between the parties in an attempt to resolve this issue without the court's involvement. He also attaches a copy of the letter he received from defendants confirming that they would not disclose the information without a court order. This satisfies the requirements of Rule 37(a)(1) and Civil Local Rule 37. A motion to compel discovery pursuant to Rule 37(a) is addressed to the sound discretion of the trial court. EEOC v. Klockner H & K Machines, Inc., 168 F.R.D. 233, 235 (E.D. Wis. 1996) (citation omitted).

Defendants acknowledge that their disciplinary files might be relevant had they ever been disciplined for providing poor patient care, but they have not. Thus, defendants submit that plaintiff cannot show that disciplinary records unrelated to patient care would lead to discovery of relevant information. I am satisfied with defendants' representation in sworn discovery responses that none of the defendants have been disciplined by the Department of Corrections regarding patient care and will deny the second half of plaintiff's motion to compel.

However, with regard to the time cards, plaintiff has articulated their relevance, and defendants have presented nothing but a general objection. Plaintiff wants to be able to show defendants' presence at DCI during the relevant time period as evidence of their ability to respond to his complaint and requests. That is relevant to plaintiff's claims in this case, and he should have access to information regarding the dates and times defendants work during January 2007. Plaintiff's motion to compel will be granted in part. If defendants' time cards contain personal identifying information, such as home address, social security number, or employee identification number, they may be redacted. Alternatively, if defendants do not keep time cards, a sworn list of the dates and hours

worked by each defendant in January 2007 will suffice. Defendants shall serve plaintiff with this information on or before **Monday, May 2, 2011**.

## II. MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff also has filed another motion for appointment of counsel. He argues that he is untrained in the law and that this case is very difficult and is going to need an expert witness, but he has no way of finding or retaining one. Plaintiff suggests that defendants' counsel is doing everything in his power to make it hard for plaintiff to get information by objecting to plaintiff's discovery requests. Plaintiff asserts that he does not know how to prepare and respond to motions and court filings. He cites the facts that this case involves medical issues and maintains that he is not fully aware of the events at issue and is not capable of gathering evidence and filing motions. He believes the appointment of counsel would make a big difference in this case.

As I have noted before, he has satisfied the threshold burden of showing a good faith attempt to obtain counsel. Thus, I will consider whether, given the difficulty of the case, this plaintiff appears competent to try the case himself and, if not, whether the presence of counsel would likely make a difference in the outcome of the case. Pruitt v. Mote, 503 F.3d 647, 654-55 (7th Cir. 2007) (citing Farmer v. Haas, 990 F.2d 319, 322 (7th Cir.1993)).

I have concluded twice, most recently on January 7, 2011, that plaintiff's filings demonstrate an awareness of the factual and legal issues in this case and suggest that he is competent to try this case. Since my January 7, 2011, Order, plaintiff filed a motion to compel that complied with the requirements of the Federal Rules of Civil Procedure and

the Civil Local Rules and is granted in part in this Order. Once again, my conclusion regarding plaintiff's competence remains the same. I will deny his motion.

Therefore,

**IT IS ORDERED** that plaintiff's motion to compel (Docket #42) is **GRANTED in part and DENIED in part**.

**IT IS FURTHER ORDERED** that defendants shall supplement their discovery responses, consistent with this Order, on or before **Monday, May 2, 2011**.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel (Docket #46) is **DENIED WITHOUT PREJUDICE**.

Dated at Milwaukee, Wisconsin, this 19th day of April, 2011.

/s
_____
LYNN ADELMAN
District Judge