# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**RICKY L. WILLIAMS,**
    **Plaintiff,**

  v.               Case No. 10-CV-00168

**STEPHEN HOWARD, et al.,**
    **Defendants.**

## DECISION AND ORDER

Plaintiff, Ricky L. Williams, a Wisconsin state prisoner, is proceeding pro se on claims related to the medical and mental health care he received at Dodge Correctional Institution in January 2007. In an Order entered May 24, 2010, I allowed plaintiff to proceed on Eighth Amendment medical care claims and state law medical malpractice claims against defendants Scott Hoftiezer, Stephen Howard, and Leslie Gombus. However, defendant Gombus was deceased before plaintiff filed this case and, as a result, he was never served or made a party to this action. As indicated in an Order entered January 7, 2011, this court cannot exercise jurisdiction over Dr. Gombus or his estate. Plaintiff's claims against Dr. Gombus will be dismissed with prejudice. Now before me is a motion for summary judgment filed by defendants Stephen Howard and Scott Hoftiezer.

### I. SUMMARY JUDGMENT STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." See Anderson v. Liberty Lobby, Inc., 477

U.S. 242, 248 (1986). A dispute over a "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id.

A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: "(A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4).

## II. FACTS

The named defendants provided medical and mental health care to plaintiff in January 2007, while plaintiff was a Wisconsin state prisoner.

On February 4, 2008, plaintiff filed a complaint in Dodge County Circuit Court, initiating Case No. 08-cv-113. The named defendants in that case were Stephen Howard, Leslie Gombus, and Scott Hofteizer, the exact same defendants named in this case. As in this case, plaintiff's complaint alleged that the medical care defendants provided him in January 2007 constituted medical malpractice. On August 27, 2008, defendants filed a motion for summary judgment in the Dodge County case. The court held a hearing on defendants' motion on December 2, 2008. At the hearing plaintiff requested dismissal of

the case without prejudice and defendants requested dismissal with prejudice. The court issued an order granting defendants' motion for summary judgment on December 9, 2008. In the order, the court noted that, pursuant to its scheduling order, plaintiff was required to name expert witnesses no later than August 8, 2008. As of the December 2, 2008, hearing, plaintiff still had not named any expert witnesses. The court further noted that plaintiff did not file an affidavit or make a legal argument in opposition to defendants' motion for summary judgment. Instead, plaintiff sent a letter to the court asking the court to dismiss the case without prejudice if it dismissed the case. Based on the arguments made by the parties, the court ordered that plaintiff was foreclosed from presenting any expert testimony at trial based on plaintiff's failure to timely name an expert. Since plaintiff could not present expert testimony, the court granted defendants' motion for summary judgment. The court stated, "[i]t is well established that a medical malpractice claim cannot be prosecuted without expert testimony. Since the plaintiff is unable to meaningfully and successfully prosecute this action, the Court does find that summary judgment is appropriate." (Aff. of Robert B. Bresette, Ex. 103 at 2.) The court did not indicate that the dismissal of the case was without prejudice.

### III. DISCUSSION

Defendants argue that this lawsuit is barred by the doctrine of res judicata, or claim preclusion, because plaintiff brought an earlier lawsuit in Dodge County Circuit Court with the exact same defendants as this case based on the same underlying facts. Defendants also address the merits of plaintiff's claims in their summary judgment materials.

3

The doctrine of claim preclusion bars relitigation of a claim decided on the merits in a prior lawsuit involving the same parties or their privies. Highway J Citizens Group v. U.S. Dept. of Transp., 456 F.3d 734, 741 (7th Cir. 2006). Claim preclusion, also known as res judicata, applies to bar a second suit in federal court where there exists: (1) an identity of the claims; (2) an identity of the parties (or their privies); and (3) a final judgment on the merits. See Ross ex rel. Ross v. Bd of Educ. of Twp. High Sch. Dist. 211, 486 F.3d 279, 283 (7th Cir. 2007). "Once these elements are satisfied, claim preclusion 'bars not only those issues which were actually decided in a prior suit, but also all issues which could have been raised in that action.'" Kratville v. Runyon, 90 F.3d 195, 197–98 (7th Cir. 1996) (quoting Brzostowski v. Laidlaw Waste Systems, Inc., 49 F.3d 337, 338 (7th Cir. 1995)). "A claim is deemed to have 'identity' with a previously litigated matter if it is based on the same, or nearly the same, factual allegations arising from the same transaction or occurrence." Kratville, 90 F.3d at 198 (quoting Brzostowski, 49 F.3d at 338–39). When a second suit "arises from the same core of operative facts as the first, it meets the test for identity of the causes of action." Kratville, 90 F.3d at 198 (citations omitted).

Plaintiff asserts that the dismissal of the Dodge County case was a dismissal without prejudice. He bases his conclusion on a letter dated June 19, 2009, from Dodge County Circuit Court Judge Brian A. Pfitzinger. Plaintiff attaches the letter, which states:

> I received your undated motion on June 1, 2009. Please be advised that there is no action remaining in which your motion can be granted or denied. This case now stands as dismissed. Until such time as the case is reopened, the Court has no authority to act in this case.

(Pl.'s Resp. to Def.'s Mot. for Summ. J. Ex. A). Plaintiff argues that this suggests he could reopen the case.

4

However, under Wisconsin law, a dismissal for failure to prosecute operates as an adjudication on the merits unless the court specifies otherwise. Wisconsin Statute § 805.03 provides, in part:

> Failure to prosecute or comply with procedure statutes. For failure of any claimant to prosecute or for failure of any party to comply with the statutes governing procedure in civil actions or to obey any order of court, the court in which the action is pending may make such orders in regard to the failure as are just . . . . Any dismissal under this section operates as an adjudication on the merits unless the court in its order for dismissal otherwise specifies for good cause shown recited in the order.

Section 805.03 goes on to provide the methods for setting aside both dismissals on the merits and dismissals not on the merits:

> A dismissal on the merits may be set aside by the court on the grounds specified in and in accordance with s. 806.07. A dismissal not on the merits may be set aside by the court for good cause shown and within a reasonable time.

Thus, the state court judge's reference to the ability to reopen the case does not alter the presumption in the statute that a dismissal operates as an adjudication on the merits unless the court in its order otherwise specifies.

As a result, I will dismiss plaintiff's medical malpractice claims because they overlap with the claims plaintiff has already litigated in the Dodge County Circuit Court. In this case, plaintiff has brought the same claims against the same defendants, and the state court's dismissal was a final judgment on the merits. See Ross, 486 F.3d at 283. Additionally, plaintiff's Eighth Amendment claims against defendants will be dismissed because they arise from the same core of operative facts as plaintiff's medical malpractice claims. See Kratville, 90 F.3d at 197–98.

**THEREFORE, IT IS ORDERED** that plaintiff's claims against Leslie Gombus are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that defendants' motion for summary judgment [DOCKET #50] is **GRANTED**.

Dated at Milwaukee, Wisconsin, this 4th day of March, 2012.

s/_____
LYNN ADELMAN
District Judge